**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Hector RANGEL–LOPEZ,**
**Defendant–Appellant.**

No. 10–50068.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 15, 2011.*

Filed Feb. 23, 2011.

Christopher Paul Tenorio, Esquire, Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Christopher Pudelski, Law Offices of Christopher R. Pudelski, Washington, DC, for Defendant–Appellant.

Before: CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

MEMORANDUM **

Hector Rangel–Lopez appeals from the 57–month sentence imposed following his

---

See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument.

See Fed. R.App. P. 34(a)(2). Accordingly, the Defendant's request for oral argument is denied.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

guilty-plea conviction for being a deported alien found in the United States, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Rangel–Lopez contends that the district court imposed a substantively unreasonable sentence under *United States v. Amezcua–Vasquez*, 567 F.3d 1050 (9th Cir. 2009). *Amezcua–Vasquez* is limited to the "specific set of facts presented" in that case. *Id.* at 1058. In light of the totality of the circumstances and the 18 U.S.C. § 3553(a) factors, the sentence at the bottom of the Guidelines range in this case is substantively reasonable. *See Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007).

Rangel–Lopez also contends that the district court abused its discretion in selecting a sentence within the range dictated by the enhancement under U.S.S.G. § 2L1.2 based on recidivism concerns. The district court properly considered the need for adequate deterrence in assessing whether a sentence within the enhanced Guidelines range was sufficient, but not greater than necessary, to achieve the goals of sentencing. *See* 18 U.S.C. § 3553(a); *Amezcua–Vasquez*, 567 F.3d at 1055 (stating that reasonableness of sentence within the enhanced Guidelines range is to be determined in light of the section 3553(a) factors); *United States v. Orozco–Acosta*, 607 F.3d 1156, 1166–67 (9th Cir.2010) (affirming a sentence within the enhanced Guidelines range, in light of the district court's findings that the sen-

tence was necessary to protect the public and to deter a subsequent reentry).

**AFFIRMED.**